November 29, 2005

Mr. Wayne Thorburn, Administrator
Texas Real Estate Commission
Post Office Box 12188
Austin, Texas 78711-2188

Opinion No. GA-0379

Re: Whether the Texas Real Estate Inspector Committee and its subcommittees may conduct meetings by telephone conference call pursuant to section 551.125(b)(3) of the Government Code (RQ-0349-GA)

Dear Mr. Thorburn:

You ask whether the Texas Real Estate Inspector Committee and its subcommittees may conduct meetings by telephone conference call pursuant to Government Code, section 551.125(b)(3).[1]

## I. Statutory Background

Real estate inspectors in Texas are licensed and regulated by the Texas Real Estate Commission (the "TREC") under chapter 1102 of the Occupations Code. *See* TEX. OCC. CODE ANN. §§ 1101.151 (Vernon 2004) (TREC's general powers and duties under chapters 1101 and 1102), 1102.001 (chapter 1102 definitions of "commission" and "committee"), 1102.101-.253 (inspector licensing), 1102.401 (TREC's disciplinary authority with respect to inspectors). In regulating inspectors, the TREC is assisted by the Texas Real Estate Inspector Committee (the "Committee"), which, by statute, "has the powers and shall perform the duties that the [TREC] delegates to the committee" and, in particular, is charged with developing, recommending, and reviewing TREC rules for licensing and regulating inspectors. *See id.* §§ 1102.058-.059. The Committee, which consists of nine members appointed by the TREC, *see id.* § 1102.051, must meet semiannually and at the call of the TREC, *see id.* § 1102.056(a). It may also meet at the call of a majority of its members. *See id.*

The TREC may modify a rule developed by the Committee and, if the Committee does not recommend a rule within a reasonable time, may develop a rule. *See id.* § 1102.059(c). In the event

---

[1]*See* Letter from Mr. Wayne Thorburn, Administrator, Texas Real Estate Commission, to Honorable Greg Abbott, Texas Attorney General at 2 (June 14, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

the Committee decides not to develop or recommend a rule to the TREC, chapter 1102 provides for the creation of an "ad hoc body" consisting of four TREC members and three Committee members to consider the Committee's position. *See id.* § 1102.059(d). In addition, chapter 1102 provides that the TREC "shall consider the committee's recommendations relating to qualifications and licensing of inspectors to assure the public of a quality professional inspection system in real estate transactions in this state." *Id.* § 1102.060. In contested cases regarding an inspector, the TREC may "(1) authorize the committee to conduct administrative hearings, recommend the entry of final orders, or both; and (2) authorize specific employees to conduct hearings and render final decisions." *Id.* § 1102.061. The TREC "shall adopt procedural rules to be used by the committee in implementing its powers and duties." *Id.* § 1102.062.

You do not provide any information about the activities of the Committee's subcommittees, which are not addressed in chapter 1102. We assume that the TREC delegates duties to the Committee and that the subcommittees work on tasks delegated by the Committee, not the TREC.

You ask about meeting by telephone conference call under the Open Meetings Act (or "the Act"), Government Code chapter 551. *See* Request Letter, *supra* note 1, at 2. The Act applies to a "governmental body," a term that it expressly defines in section 551.001(3) of the Government Code to include specific categories of bodies governing state and local entities; advisory bodies are not expressly included in the list. *See* TEX. GOV'T CODE ANN. § 551.001(3) (Vernon 2004). The legislature also sometimes expressly provides in other statutes that an entity is subject to the Act, as it has in chapter 1102 of the Occupations Code: "The committee is subject to Chapters 551, 552, 2001, and 2002, Government Code." TEX. OCC. CODE ANN. § 1102.057 (Vernon 2004).

The Open Meetings Act requires a governmental body or other entity subject to its provisions to post notice of its meetings and to hold its meetings in public. *See* TEX. GOV'T CODE ANN. §§ 551.002, .041 (Vernon 2004). In the absence of specific statutory authority, a meeting held by telephone conference call or similar means does not meet the Act's requirements. *See* Tex. Att'y Gen. Op. Nos. JC-0352 (2001), JC-0194 (2000), DM-478 (1998), DM-207 (1993), JM-584 (1986). Certain provisions in subchapter F of the Open Meetings Act authorize specific governmental bodies to meet by telephone conference call. *See, e.g.,* TEX. GOV'T CODE ANN. §§ 551.121-.124 (Vernon 2004). None of these provisions applies to the Committee, nor does chapter 1102 of the Occupations Code address meeting by telephone.

Section 551.125 of the Government Code, another subchapter F provision, grants more general authority to meet by telephone conference call in certain circumstances:

> (a) Except as otherwise provided by this subchapter, this chapter does not prohibit a governmental body from holding an open or closed meeting by telephone conference call.

> (b) A meeting held by telephone conference call may be held only if:

> (1) an emergency or public necessity exists within the meaning of Section 551.045 of this chapter; and
>
> (2) the convening at one location of a quorum of the governmental body is difficult or impossible; or
>
> (3) the meeting is held by an advisory board.

*Id.* § 551.125(a)-(b). The meeting is subject to notice requirements:

> (c) The telephone conference call meeting is subject to the notice requirements applicable to other meetings.
>
> (d) The notice of the telephone conference call meeting must specify as the location of the meeting the location where meetings of the governmental body are usually held.

*Id.* § 551.125(c)-(d). And the meeting must be audible to the public, with two-way communication between the meeting location and the members who participate from another location via telephone:

> (e) Each part of the telephone conference call meeting that is required to be open to the public shall be audible to the public at the location specified in the notice of the meeting as the location of the meeting and shall be tape-recorded. The tape recording shall be made available to the public.
>
> (f) The location designated in the notice as the location of the meeting shall provide two-way communication during the entire telephone conference call meeting and the identification of each party to the telephone conference shall be clearly stated prior to speaking.

*Id.* § 551.125(e)-(f).

Section 551.125(b) generally permits a meeting by telephone conference call only when there is an emergency or public necessity and it is difficult or impossible to convene a quorum of the governmental body at one location. *See id.* § 551.125(b)(1)-(2). Section 551.125(b)(3) by its plain terms, however, permits an advisory board to meet by telephone conference call without satisfying those conditions: "A meeting held by telephone conference call may be held only if . . . the meeting is held by an advisory board." *Id.* § 551.125(b)(3). Whether held under the authority of section 551.125(b)(1)-(2) or (3), however, a meeting by telephone conference call is subject to the notice and openness requirements set forth in section 551.125(c)-(f).

## II.   Analysis

You ask whether the Committee and its subcommittees are advisory bodies that may conduct meetings by telephone conference call pursuant to section 551.125(b)(3). Chapter 1102 of the Occupations Code creates the Committee and makes it subject to the Open Meetings Act. *See* TEX. OCC. CODE ANN. §§ 1102.051, .057-.058 (Vernon 2004). But chapter 1102 does not expressly provide that the Committee acts in an advisory capacity. *See id.* On the face of chapter 1102, it appears that the Committee's powers are generally advisory in nature. For example, the Committee is charged with recommending rules and fees, *see id.* § 1102.058(b), and with developing, recommending, and reviewing TREC rules in an "advisory capacity," *id.* § 1102.059(a). The TREC is vested with authority to administer chapter 1102 and to adopt rules to administer the chapter. *See id.* § 1102.058(b)(1). However, other provisions authorize the TREC to delegate additional authority to the Committee. In particular, section 1102.058(a) broadly provides that the Committee "has the powers and shall perform the duties that the [TREC] delegates to the committee." *Id.* § 1102.058(a); *see also id.* § 1102.061 ("In contested cases regarding an inspector, the [TREC] may . . . authorize the committee to conduct administrative hearings, recommend the entry of final orders, or both[.]"). And section 1102.062 refers to the Committee's "powers and duties." *Id.* § 1102.062.

Section 551.125 does not define the term "advisory board," nor is the term defined elsewhere in the Open Meetings Act or Texas statutes.[2] It is also not clear from the face of section 551.125(b)(3) what criteria must be met for a board to be "advisory." For example, courts and this office have concluded with respect to state advisory entities not expressly made subject to the Act that "before the Act is applicable to a meeting of a statewide public body, five prerequisites must be met." Tex. Att'y Gen. Op. No. H-772 (1976) at 2; *Gulf Reg'l Educ. Television Affiliates v. Univ. of Houston*, 746 S.W.2d 803, 809 (Tex. App.–Houston [14th Dist.] 1988, writ denied) (citing Tex. Att'y Gen. Op. No. H-772); *see also Beasley v. Molett*, 95 S.W.3d 590, 606 (Tex. App.–Beaumont 2002, pet. denied); Tex. Att'y Gen. Op. No. GA-0232 (2004). However, these criteria are not necessarily appropriate to determine whether an entity is an advisory board under section 551.125(b)(3). These criteria often require a factual inquiry into the body's actual duties and powers.[3] Thus, as a practical matter it may be difficult for an entity's members and interested citizens to apply these criteria to assess whether the entity may meet under section 551.125(b)(3), a result we doubt the legislature intended. *See* TEX. GOV'T CODE ANN. §§ 311.021(3)-(4) (Vernon

[2]Two Government Code provisions define the similar general term "advisory committee" to refer to an entity that has as its primary function advising a state agency. *See* TEX. GOV'T CODE ANN. §§ 325.002(2) (Vernon 2005) ("'Advisory committee' means a committee, council, commission, or other entity created under state law whose primary function is to advise a state agency.") (Sunset Law), 2110.001 (Vernon Supp. 2005) ("In this chapter, 'advisory committee' means a committee, council, commission, task force, or other entity with multiple members that has as its primary function advising a state agency in the executive branch of state government.").

[3]*See Gulf Reg'l Educ. Television Affiliates*, 746 S.W.2d at 809 ("(1) The body must be an entity within the executive or legislative department of the state; (2) The entity must be under the control of one or more elected or appointed members; (3) The meeting must involve formal action or deliberation between a quorum of members; (4) The discussion or action must involve public business or public policy; and (5) The entity must have supervision or control over that public business or policy."). In the case of an advisory body, whether it meets the fifth criterion will depend upon the facts. *See, e.g.*, Tex. Att'y Gen. Op. Nos. JM-331 (1985) at 1-2, H-994 (1977) at 2-3.

2005) ("In enacting a statute, it is presumed that . . . a just and reasonable result is intended; [and] a result feasible of execution is intended[.]"), 311.023(1), (5) (in construing a statute, a court may consider the "object sought to be attained" and the "consequences of a particular construction") (Code Construction Act). Moreover, section 551.125(b) is an exception to the general requirement that the members of a governmental body subject to the Act must meet together in the same location and therefore must be strictly construed. *See* Tex. Att'y Gen. Op. No. JC-0352 (2001) at 1 ("'The Open Meetings Act contemplates that members of a governmental body participating in a meeting must be physically present unless expressly authorized to participate by other means. . . . [S]uch legislative authorizations must be strictly construed . . . .'") (quoting Tex. Att'y Gen. Op. No. DM-478 (1998) at 4). This rule of strict construction supports construing section 551.125(b)(3) to apply to entities that are clearly advisory from the face of their creating statutes because they are granted only advisory duties.

Because chapter 1102 does not expressly limit the Committee to acting in an advisory capacity and, moreover, authorizes the Committee to perform any duties delegated by the TREC without limitation, *see* TEX. OCC. CODE ANN. § 1102.058(a) (Vernon 2004), we conclude that the Committee is not an advisory board within the meaning of section 551.125(b)(3) of the Government Code. As a result, the Committee and its subcommittees may meet by telephone conference call only under section 551.125(b)(1)-(2).

## S U M M A R Y

Chapter 1102 of the Occupations Code creates the Texas Real Estate Inspector Committee to assist the Texas Real Estate Commission and provides that the Committee is subject to the Open Meetings Act. However, chapter 1102 does not expressly limit the Committee to exercising advisory duties and expressly authorizes the Committee to perform any duties delegated by the Commission. As a result, the Committee is not an advisory board under section 551.125(b)(3) of the Government Code and the Committee and its subcommittees may meet by telephone conference call only under section 551.125(b)(1)-(2).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee